Filed 4/1/21  P. v. Valle CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C089454 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFE20120006426, SF118647C) |
| v. | |
| JOSE ANTONIO VALLE, | |
| Defendant and Appellant. | |

While defendant Jose Antonio Valle was serving his prison term for voluntary manslaughter and residential burglary convictions, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, §§ 1-4), which amended the law governing murder liability under the felony-murder and natural and probable consequences theories and provided a new procedure under Penal Code section 1170.95 for eligible defendants to petition for recall and resentencing.[1]  Defendant filed a section

---

[1] Undesignated statutory references are to the Penal Code.

1

1170.95 petition, which the trial court summarily denied. He appeals the trial court's order denying his petition for resentencing, arguing: (1) the court erred by summarily denying his petition after determining that he failed to establish a prima facie case that he fell within the provisions of the statute without first appointing counsel and obtaining further briefing; (2) the trial court erred when it ruled that his voluntary manslaughter conviction is ineligible for relief under the statute; and (3) the trial court's interpretation of the statute violates his right to equal protection. We will affirm.

## I. BACKGROUND

In 2013, defendant pled guilty to one count of voluntary manslaughter (§ 192, subd. (a)—count 1) and four counts of first degree residential burglary (§ 211—counts 2-5). As to count 1, he further admitted to using a firearm (§ 12022.5, subd. (a)). The court imposed an aggregate term of 29 years as follows: For count 1, 11 years plus 10 years (§ 12022.5, subd. (a)), and for counts 2 through 5, a consecutive two years each.

In March 2019, defendant filed a section 1170.95 petition seeking resentencing, claiming that he was convicted of murder pursuant to the felony-murder rule or the natural and probable consequences doctrine. The trial court summarily denied defendant's petition because defendant did not plead guilty to first or second degree murder, but rather, voluntary manslaughter.

Defendant filed a timely notice of appeal.

## II. DISCUSSION

A.    *No Violation of Section 1170.95*

Defendant contends the trial court erred by summarily denying his petition without following procedures that he claims section 1170.95 mandates, including appointing counsel and giving the parties the opportunity to file additional briefing. We disagree.

The parties' dispute turns on the meaning of section 1170.95, subdivision (c), which provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.

2

If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

"It is a settled axiom of statutory construction that significance should be attributed to every word and phrase of a statute, and a construction making some words surplusage should be avoided." (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1010.) Interpreting the statute as defendant urges would render the first sentence of section 1170.95, subdivision (c) mere surplusage.

The requirement to appoint counsel is not discretionary; it is mandatory, but it does not arise until the petitioner has first made a prima facie showing that he or she falls within the provisions of section 1170.95. When interpreting statutory language, we do not examine language in isolation but consider it in the context of the statutory framework as a whole. (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 724.) "When the statutory framework is, overall, chronological, courts will construe the timing of particular acts in relation to other acts according to their location within the statute; that is, actions described in the statute occur in the order they appear in the text." (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139-1140, review granted Mar. 18, 2020, S260598 (*Lewis*).) "The structure and grammar of this subdivision indicate the Legislature intended to create a chronological sequence." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 332, review granted Mar. 18, 2020, S260493 (*Verdugo*).) Thus, "we construe the requirement to appoint counsel as arising in accordance with the sequence of actions described in section 1170.95[,] subdivision (c); that is, after the court determines that the petitioner has made a prima facie showing that petitioner 'falls within the provisions' of the statute, and before the submission of written briefs and the court's

3

determination whether petitioner has made 'a prima facie showing that he or she is entitled to relief.' (§ 1170.95, subd. (c).)" (*Lewis, supra*, at p. 1140.) "If, as here, the court concludes the petitioner has failed to make the initial prima facie showing required by subdivision (c), counsel need not be appointed." (*Verdugo, supra*, at pp. 332-333.) Nor is briefing required. (*Id.* at pp. 331-332.)

We agree with those authorities that have concluded the trial court may consider the record of conviction in making its initial determination under section 1170.95, subdivision (c). (*Verdugo, supra*, 44 Cal.App.5th at pp. 329-330, review granted; *Lewis, supra*, 43 Cal.App.5th at p. 1137, review granted.) In defendant's case, summary dismissal of his petition was appropriate because the record of conviction established that the defendant was not prosecuted or convicted under a felony-murder or murder under a natural and probable consequences theory. Instead, defendant's conviction was for voluntary manslaughter. No further briefing or evidence could aid the court in reaching this conclusion. Indeed, " 'It would be a gross misuse of judicial resources to require the issuance of an order to show cause or even appointment of counsel based solely on the allegations of the petition, . . . when even a cursory review of the court file would show as a matter of law that the petitioner is not eligible for relief.' " (*Lewis, supra*, at p. 1138.)

The trial court did not fail to follow the procedures mandated by section 1170.95.

B.      *Voluntary Manslaughter is Not Eligible for Relief Under Section 1170.95*

Defendant argues the trial court erred in concluding he is ineligible for section 1170.95 relief because his conviction was for voluntary manslaughter. He contends that section 1170.95 applies to persons who were charged with murder under a felony-murder or natural and probable consequences theory but pled guilty to manslaughter to avoid trial.

" 'If the language [of a statute] is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the

4

Legislature did not intend.' " (*People v. Flores* (2020) 44 Cal.App.5th 985, 992 (*Flores*).) "[S]ection 1170.95 authorizes only a person who was 'convicted of felony *murder* or *murder* under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's *murder* conviction vacated . . . .' (*Id.,* subd. (a), italics added.) If the petitioner makes a prima facie showing that he or she is entitled to relief, the sentencing court must 'hold a hearing to determine whether to vacate the *murder* conviction and to recall the sentence and resentence the petitioner on any remaining counts . . . .' (*Id.*, subd. (d)(1), italics added.) In lieu of a resentencing hearing, the parties may stipulate that 'the petitioner is eligible to have his or her *murder* conviction vacated' and to be resentenced. (*Id.*, subd. (d)(2), italics added.)" (*Id.* at p. 993.) "Through its repeated and exclusive references to murder, the plain language of section 1170.95 limits relief only to qualifying persons who were convicted of murder." (*Ibid.*; see *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 (*Cervantes*) ["The plain language of [section 1170.95] is explicit; its scope is limited to murder convictions"].)

"Section 1170.95 does not mention, and thus does not provide relief to, persons convicted of manslaughter, which, 'while a lesser included offense of murder, is clearly a separate offense . . . .' [Citation.] Had the Legislature intended to make section 1170.95 available to defendants convicted of manslaughter, it easily could have done so." (*Flores, supra*, 44 Cal.App.5th at p. 993; see *Cervantes, supra*, 44 Cal.App.5th at p. 887 ["[t]here is no reference [in section 1170.95] to the crime of voluntary manslaughter"].)

Defendant relies on section 1170.95, subdivision (a)(2), which provides: "The petitioner was convicted of first degree or second degree murder following a trial or *accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder*." (Italics added.) Defendant claims under the plain language of this subdivision, the statute applies to someone charged with murder, who was convicted by plea to manslaughter to avoid a conviction for murder. This claim is

5

unpersuasive, because it "places outsized importance on a single clause to the exclusion of the provision's other language. . . . [T]he remaining portions of section 1170.95 repeatedly and exclusively refer to murder, not manslaughter." (*Flores, supra*, 44 Cal.App.5th at p. 995.)

Defendant also contends there is an ambiguity in the statute, in that section 1170.95, subdivision (a) appears to apply only to those convicted of murder, as opposed to the language of section 1170.95, subdivision (a)(2), which appears broader in that it includes those who accepted a plea offer in lieu of trial. We find the reasoning of *People v. Sanchez* (2020) 48 Cal.App.5th 914 (*Sanchez*) persuasive on this point. "Specifying that section 1170.95 applies to murder convictions both by trial and by guilty plea clarifies that it does not matter how the murder conviction was obtained for section 1170.95 to apply. Regardless of whether that clarification was necessary, ' "the Legislature may choose to state all applicable legal principles in a statute rather than leave some to even a predictable judicial decision." ' [Citation.] Express statutory language defining the class of defendants to whom section 1170.95 applies is not surplusage. [Citation.] Such clarification 'may eliminate potential confusion and avoid the need to research extraneous legal sources to understand the statute's full meaning.' " (*Id.* at p. 919.) Moreover, even if we assume for the sake of argument that section 1170.95, subdivision (a)(2) is ambiguous, we agree with the analysis in *People v. Turner* (2020) 45 Cal.App.5th 428 (*Turner*), that the legislative history of Senate Bill No. 1437 reflects that the Legislature wanted to provide relief only to those who were convicted of felony murder or of murder on a natural and probable consequences theory. (*Turner, supra*, at pp. 436-438.)

Nor, contrary to defendant's claim, is such an interpretation absurd or contrary to the legislative intent. "The legislative goal was to eliminate the sentencing disparity caused by the felony murder rule. That goal was properly achieved by the section 1170.95 petition procedure to vacate those murder convictions." (*Cervantes, supra*,

6

44 Cal.App.5th at p. 889; see *Flores, supra*, 44 Cal.App.5th at pp. 996-997.) The punishment for manslaughter is already less than that imposed for first or second degree murder, and the determinate sentencing ranges permit a sentencing judge to make punishment commensurate with a defendant's culpability based on aggravating and mitigating factors. "Providing relief solely to defendants convicted of *murder* under a felony-murder or natural and probable consequences theory does not conflict with the Legislature's stated objective to make 'statutory changes to more equitably sentence offenders.' " (*Turner, supra*, 45 Cal.App.5th at p. 439.)

Because the plain language of section 1170.95 is clear, and does not lead to an absurd result, we will follow its plain meaning and conclude that convictions for voluntary manslaughter are ineligible for section 1170.95 relief. In so doing, we are in accord with the uniform line of decisions by other courts of appeal that section 1170.95 applies to defendants convicted of murder, not to defendants who plead to and are convicted of a lesser offense. (*Sanchez, supra*, 48 Cal.App.5th at p. 916 [charged with first degree murder with a gang enhancement, pled guilty to voluntary manslaughter and admitted enhancement]; *Turner, supra*, 45 Cal.App.5th at pp. 431-432 [charged with first degree murder and firearm and gang enhancements, pled guilty to voluntary manslaughter and admitted firearm enhancement]; *Flores, supra*, 44 Cal.App.5th at pp. 989-990 [charged with murder with robbery and gang enhancements, pled guilty to voluntary manslaughter and admitted enhancements]; *Cervantes, supra*, 44 Cal.App.5th at p. 887 [charged with murder, pled no contest to voluntary manslaughter].) Defendant acknowledges these authorities in his reply brief and urges us not to follow them. We decline the invitation and conclude the trial court did not err in summarily denying defendant's petition.

C.      *Limiting Relief to Murder Convictions Does Not Violate Equal Protection*

Defendant contends an interpretation of section 1170.95 that excludes manslaughter plea convictions violates equal protection. With virtually no analysis of the

point, he claims "the state cannot establish a compelling interest justifying" affording relief to a prisoner convicted of felony murder but not a prisoner who pled guilty to voluntary manslaughter to avoid a felony-murder conviction.

" 'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.] This initial inquiry is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' " (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253.) Defendant was convicted of voluntary manslaughter, a different crime than murder, which carries a different punishment than murder; he is not similarly situated to those convicted of murder. (See *Cervantes, supra*, 44 Cal.App.5th at p. 888.) Thus, defendant's equal protection challenge fails at the first step. Defendant's contention that the relevant similarity is that he and some murder defendants who might be eligible for section 1170.95 relief were both charged with felony murder and entered a plea before the change in law ignores *Cooley*'s guidance that, when considering an equal protection challenge, the relevant inquiry is whether the claimant is similarly situated for purposes of the law challenged. Here, as we have explained *ante*, defendant is not similarly situated to those convicted of felony murder, because section 1170.95's objective is not to provide relief to those charged with felony murder, per se, but to provide relief to a subset of those convicted of felony murder. Accordingly, we reject defendant's claim.

## III.  DISPOSITION

The order denying the section 1170.95 petition is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

BLEASE, Acting P. J.

/S/

_____

HOCH, J.